**FLORA COMPRESS AND WARE-HOUSE COMPANY, INC., Plaintiff,**

**v.**

**Bowmar VIRDEN, Defendant,**

**Staple Cotton Cooperative Association, Garnishee,**

**and**

**United States of America.**

**Civ. A. No. J86–0029(L).**

United States District Court, S.D. Mississippi, Jackson Division.

May 15, 1986.

Donald M. Kirk, Flora, Miss., for plaintiff.

Dan M. McDaniel, Jr., Asst. U.S. Atty., Jackson, Miss., for the U.S.

John J. Fraiser, Jr., Greenwood, Miss., for Staple Cotton.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on the separate motions of the plaintiff, Flora

Compress and Warehouse Company, Inc. and the defendant, United States of America, for summary judgment. The court, having considered the motions and briefs with attachments submitted by the parties, is of the opinion that the plaintiff's motion should be denied and that the motion of the United States should be granted.

The plaintiff has alleged that, during the months of April, May and June of 1982, it provided labor and materials to defendant Bowmar Virden in connection with the production of his 1982 cotton crop. Plaintiff filed suit to recover the balance due for the services and materials supplied and in December of 1984 obtained judgment against Virden in the amount of $28,516.34. On November 4, 1985, plaintiff caused a writ of garnishment to be issued to Staple Cotton Cooperative Association (Staple) returnable to the Circuit Clerk of Hinds County, First Judicial District, Mississippi. In its answer to the writ, Staple stated that it was indebted to Virden in the sum of $31,016.34, representing the proceeds of cotton delivered to Staple by the defendant for marketing and sale. Staple requested that it be allowed to interplead the funds into the registry of the circuit court, arguing that it had been notified that the Farmers Home Administration (FmHA) claimed an interest in the funds and should be summoned as a party to the action.

On January 13, 1986, the United States removed the case to this court and filed its answer and claim to the funds in question. The government's claim is based upon various emergency and operating loans made to Virden by the FmHA[1] during the years 1980 through 1985 totalling over 1.4 million dollars. These loans are evidenced by eight promissory notes and secured by six security agreements encumbering the defendant's crops, farm equipment and livestock. In order to perfect its security interest, security agreements and amendments were filed in the county and judicial district of defendant's residence, the Mississippi Secretary of State's Office and each county where Virden raised crops.

Plaintiff claims entitlement to the benefit of a priority lien pursuant to the terms of Miss.Code Ann. § 85–7–1. That section provided[2] in pertinent part:

Every employee, laborer, cropper, part owner, overseer or manager, or other person who may aid by his labor to make, gather, or prepare for sale or market any crop, shall have a lien on the interest of the person who contracts with him for such labor for his wages, share or interest in such crop, whatever may be the kind of wages or the nature of the interest, which lien such employee, laborer, cropper, part owner, overseer or manager, or other person may offset, recoup or otherwise assert and maintain. Any such lien shall be paramount to all liens and encumbrances or rights of any kind created by or against the person so contracting for such assistance, except the lien of the lessor of the land on which the crop is made, for rent and supplies furnished,....

Plaintiff argues, citing *In Re Glinz*, 46 B.R. 266 (Bankr.D.N.D.1984), that its statutory lien takes priority over the lien of the United States claimed pursuant to the provisions of the UCC. In that case, the bankruptcy court held that under North Dakota law the statutory liens in the debtor's crops of suppliers of chemicals and fertilizer took priority over the government's lien, despite the government's prior perfection of its lien. However, the North Dakota statute limited the priority lien to

---

1. The loans made by the FmHA to the defendant are listed as follows:

| Date | Type | Principal Amount | Annual Interest Rate |
|------|------|------------------|----------------------|
| 05/09/80 | EM | $ 42,370.00 | 5.0% |
| 05/09/80 | EM | 36,330.00 | 11.0% |
| 05/09/80 | EM | 120,300.00 | 12.0% |
| 05/25/81 | EM | 257,470.00 | 5.0% |
| 02/17/82 | EM | 251,880.00 | 15.0% |
| 07/19/83 | OL | 100,000.00 | 10.25% |
| 02/10/84 | EE | 350,000.00 | 10.25% |
| 05/22/85 | OL | 200,000.00 | 7.25% |

2. Since the time plaintiff performed the work and its lien was created, the statute has been amended. *See* Miss.Code Ann. § 85–7–1 (Supp. 1985).

the crop produced from the chemicals or fertilizer provided. N.D.Cent.Code § 35–09–01 (1983). The Mississippi statute under which plaintiff claims a priority lien specifically provides: "every ... person who may aid by his labor to make ... any crop, shall have a lien on the interest of the person who contracts with him for such labor for his wages, share or interest *in such crop,* ..." (emphasis added). This statute therefore also limits the priority or paramount lien to the crop for which the labor was supplied. Thus, while the plaintiff may have been able to claim a priority or paramount lien on Virden's 1982 crop, the year in which the services were performed, it has no priority lien by virtue of the statute on defendant's 1985 crop.

■ The plaintiff's claim is not only for labor supplied to the defendant but also for materials and supplies. The statute makes no provision for a priority lien for a supplier of materials such as fertilizer or chemicals and is limited in its application to suppliers of labor only. *See In Re Smith,* 40 B.R. 648 (Bankr.N.D.Miss.1984).

Because FmHA's security interest in defendant's crop attached as soon as the crop was planted and FmHA perfected that interest, it constitutes a prior lien against the crop and the proceeds of sale. *See generally* Miss.Code Ann. §§ 75–9–312(5), 75–9–401(1)(a); *United States v. Minster Farmers Cooperative Exchange, Inc.,* 430 F.Supp. 566 (N.D.Ohio 1977). Under the terms of the security agreements executed by the defendant to FmHA, the crop secures not only the 1985 loan but the repayment of all previous indebtedness owed by Virden to FmHA.

For the reasons stated hereinabove, this court is of the opinion that the motion of the United States for summary judgment should be granted and the motion of the plaintiff, Flora Compress and Warehouse Company, Inc., should be denied. A separate judgment shall be submitted in accordance with the local rules.